UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Rayco Traylor, | Case No. 22-CV-2788 (JRT/JFD) |
| Plaintiff, | |
| v. | REPORT AND RECOMMENDATION |
| Hennepin County Sheriffs Office; Hennepin Health Care; Hennepin County Medical Center; Brooklyn Park Police Station; David Hutchinson (Hennepin County Sheriff); J. Buck, Brooklyn Park Police; Officer Theile, Brooklyn Park Police; Ofc Cabrera, BP Police (Badge 157); Ofc Moldenhaur, BP Police (Badge 298); Female Officer, who assisted with the search at BP Police station on 9/4/22 approx 8pm; Shane Husarik (BP, Detective) (Badge 178); Ryan Hjelm (BP, Seargent); M. Bergeron (BP, Seargent); Lt Gulickson (Hennepin County); Sgt Moore (Henn. County); Sgt Desmairais; Sgt Coughlin; Ofc Khan; Ofc Moresette; Ofc Shinwaray; Ofc Tomlinson (Classification); Quade, The other classification officer I believe; Doctor, Assigned to my care at HCMC hospital on 9/5/22 (M.D); Preasane Nurse, assigned who checked my shackles and said they were "fine" who never gave care SARS exam and denied me psychiatrist; Doctor, who took over after the other doctor left and discharged me without providing any treatment whatsoever; Both Nurse on Nurse Rounds, Approx 5pm 9/26/22 (one from Herzing Academy that I informed of sexual assault and regular who gave me a small yellow note saying I wouldn't be SARS examed (Asian Lady) Nurse; Ben Psych Nurse; African Psych dr., The; Nurse Ibrahim; Nurse Olive; Amanda Brodhag; Ofc | |

| | |
|---|---|
| Ohlendorf; Old Asian Nurse, on nurse rounds 10/20/22 after dinner time; Officers, who handcuffed me to go to the kiosk from my cell on 9/28/22 around 1pm and the officer who came at and stood in the office doorway after I left from the kiosk; Sgt Hubbard; Anwen Parrot; Madsem Marcelius; Nurse who drew my blood on 9/30/22 at 9:20 am who told me that my medications would be started and who I informed of sexual assaults and needing STD/STI exams I still haven't gotten; Medical Supervisor for Hennepin County medical center (HCMC) on 9/5/22 around 6pm; Nurse Laura; Nurse on med rounds approx 7:30pm (last round, African, working with Ofc Murphy, refusal of name; Thorson (Classification); and Kimberely Spaulding; all sued in their individual and official capacities, | |
| Defendants. | |

On January 25, 2023, this Court entered an Order addressing Plaintiff Rayco Traylor's Complaint. (Dkt. No. 13.) The Court fully incorporates that Order by reference here. Noting the Complaint's vast scope, the Court concluded that the filing "suffers from significant misjoinder problems" under Federal Rules of Civil Procedure 18 and 20. (*Id.* at 3–5.) The Court therefore ordered Mr. Traylor to file an amended complaint meeting four specific requirements. (*Id.* at 5–6.) The Court set a deadline of February 22, 2023, to file the amended complaint and warned Mr. Traylor that failure to comply would result in a recommendation of dismissal without prejudice pursuant to Federal Rule of Civil Procedure 41(b). (*Id.* at 5–6.)

The February 22 deadline has passed, and Mr. Traylor has not submitted an amended complaint.[1] Accordingly, for the reasons described in the Court's January 25, 2023 Order, the Court now recommends dismissing this action without prejudice under Federal Rule of Civil Procedure 41(b) for failure to prosecute, failure to comply with a court order, and failure to comply with the Federal Rules of Civil Procedure. *See, e.g.*, *Henderson v. Renaissance Grand Hotel*, 267 F. App'x 496, 497 (8th Cir. 2008) (per curiam) ("A district court has discretion to dismiss an action under Rule 41(b) for a plaintiff's failure to prosecute, or to comply with the Federal Rules of Civil Procedure or any court order.").

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that this action be **DISMISSED WITHOUT PREJUDICE** under Federal Rule of Civil Procedure 41(b).

Dated: March 14, 2023                     __*s/ John F. Docherty*_____
                                          JOHN F. DOCHERTY
                                          United States Magistrate Judge

---

[1] In a response to the Court's January 25 Order, Mr. Traylor filed a letter stating that Hennepin County "is the main entity" here, purportedly "governing" various other entities. (Dkt. 14 at 1 (emphasis omitted).) He suggests that "it should be construed as one county." (*Id.* (same).) Even if this letter explained how Mr. Traylor wants the Court to treat certain entity-type defendants in this action—it does not—it provides no clear guidance about how to treat the numerous mis-joined individuals that the Complaint names as defendants. The letter does not satisfy the Court's January 25 Order.

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals. Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).